STATE of Iowa, Appellee,

v.

Beverly HENDERSON, Appellant.

No. 61455.

Supreme Court of Iowa.

Aug. 30, 1978.

Gottschalk, Patterson & Gilliam, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Lona J. Hansen, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

UHLENHOPP, Justice.

This appeal involves a constitutional challenge to a statute prohibiting soliciting to have carnal knowledge. Code 1977, § 724.2.

The Black Hawk County Attorney filed an information against defendant Beverly Henderson charging her with soliciting for a consideration in violation of § 724.2. The county attorney charged that defendant offered sexual intercourse to undercover officer William L. Wisner for $40, and that defendant made the offer during a conversation between defendant and Wisner while defendant was in her car on the street. After defendant subsequently accepted $40 from Wisner, other officers arrested her in a hotel room.

Defendant interposed a demurrer to the information, which the trial court overruled. Subsequently, after rendition of sentence and judgment, defendant appealed to this court. In her appeal, defendant argues that § 724.2 is unconstitutional because it is vague, discriminatorily applied, and overbroad.

■ I. Defendant's vagueness argument is based on the "or otherwise" language of the statute. Section 724.2 provides in part:

Any person who shall . . . solicit another to have carnal knowledge . . . for a consideration *or otherwise*, shall be punished . . . . (Italics added.)

Defendant argues the italicized language is vague because a married person could be convicted under it for seeking sexual gratification from his or her spouse.

Defendant's argument was raised and rejected in *State v. Willis*, 218 N.W.2d 921 (Iowa). Moreover, as in Willis defendant lacks standing to assert vagueness. She was charged and convicted under the "for a consideration" language. That language is not vague—defendant does not argue it is vague. Defendant's argument is based on the contention that the statute may be vague as applied to other people in other circumstances.

■ One to whom application of a statute is constitutional lacks standing to attack the statute on the ground it might be susceptible of unconstitutional application to other persons or in other situations. *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524, 529; *Baker v. City of Iowa City*, 260 N.W.2d 427, 430 (Iowa); *City of Des Moines v. Lavigne*, 257 N.W.2d 485, 486 (Iowa); *State v. Price*, 237 N.W.2d 813, 816 (Iowa), app. dism. 426 U.S. 916, 96 S.Ct. 2619, 49 L.Ed.2d 370; *State v. Willis, supra*, 218 N.W.2d 921, 923 (Iowa). Defendant does not fall within any of the exceptions which are discussed in *State v. Price, supra*. We therefore hold that defendant does not have requisite standing to attack the constitutionality of the solicitation statute on vagueness grounds.

■ II. Defendant's second argument is that the solicitation statute is discriminatorily applied because only women are prosecuted under it. One who challenges the constitutionality of legislation has the burden to prove beyond a reasonable doubt it is unconstitutional. *Baker v. City of Iowa City, supra*, 260 N.W.2d 427, 430 (Iowa). We must presume a statute is constitutional unless it is shown "clearly, palpably and without doubt [to] infringe upon constitutional rights." *Chicago Title Ins. Co. v. Huff*, 256 N.W.2d 17, 25 (Iowa). Defendant did not establish that men are not prosecuted, and she has not met her burden. *Tamarkin v. Children of Israel, Inc.*, 2 Ohio App.2d 60, 66, 206 N.E.2d 412, 416 ("the burden rests upon the party making such attack to present clear and convincing evidence of a presently existing state of facts which makes the act unconstitutional and void when applied thereto."). We do not intimate that an otherwise valid statute would itself fall because local authorities do not enforce it uniformly. See *City of Minneapolis v. Buschette*, 307 Minn. 60, 240 N.W.2d 500.

■ III. Defendant's final argument—overbreadth—is closely related to but distinct from her vagueness argument. *State v. Wedelstedt*, 213 N.W.2d 652, 656 (Iowa). Defendant asserts that the solicitation statute is overbroad because it prohibits private consensual activity which is constitutionally

protected. As with her vagueness argument, defendant does not have standing to assert the constitutional rights of others. *Baker v. City of Iowa City, supra*, 260 N.W.2d 427 (Iowa). To succeed with her overbreadth argument defendant must therefore show that as to her, the statute prohibits a constitutionally protected activity.

Defendant launches her argument by citing the United States Supreme Court cases which hold that "zones of privacy" exist where governmental intrusion is prohibited. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, reh. den. 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694; *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349; *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510. She then argues these zones can include some activities which are carried on in public. In support of this extension of the zones of privacy approach, defendant cites *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125, and *Redrup v. New York*, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515, reh. den. 388 U.S. 924, 87 S.Ct. 2091, 18 L.Ed.2d 1377. These decisions struck down obscenity ordinances and statutes. Defendant concludes that the state does not have sufficient interest in preventing solicitation to allow it to intrude into her protected zone of privacy.

Defendant's argument fails for two reasons. First, the zone of privacy created by the United States Supreme Court does not extend to the activities of prostitutes in plying their trade. We stated in *State v. Price, supra*, 237 N.W.2d 813, 818 (Iowa):

> In *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 65, 93 S.Ct. 2628, 2639, 37 L.Ed.2d 446, 462 (1973), the Court noted, "This privacy right encompasses and protects the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing." The *Paris* Court held the right did not include the right to watch obscene movies in places of public accommodation. We do not believe prostitution is identifiable with or reasonably analogous to the kinds of sexual conduct

which have been recognized as within the constitutional right of privacy.

Second, even if prostitutes' activities were within the zone of privacy, defendant does not argue that *her* activity was conducted privately; her argument is that *some* prostitutes such as brothel workers and call girls carry on their activities in private. But defendant does not have standing to challenge the constitutionality of the statute as it may be applied to other prostitutes as we have already said. We do not imply that the statute would be unconstitutional as applied to these other prostitutes.

We hold that the solicitation statute is constitutional as applied here.

AFFIRMED.

All Justices concur except McGIVERIN, J., who takes no part.