**STATE of Iowa, Appellee,**

v.

**Josef HOFMANN, Appellant.**

No. 94–1154.

Supreme Court of Iowa.

Sept. 20, 1995.

---

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Denver D. Dillard, County Attorney, and Harold L. Denton, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

This case involves the seizure of evidence from a hotel room occupied by the defendant, Josef Hofmann. The search was conducted by law enforcement officers during their execution of arrest warrants for the defendant. The defendant argues that the arrest was merely a pretext for a search for which the officers had neither a warrant nor probable cause. The district court rejected this argument and so do we.

Kent Choate, a member of a Cedar Rapids police force narcotics unit, was involved in an arrangement with local hotels under which hotel employees would call his pager if they observed any "suspicious activities." On the day in question, an employee paged the officer and advised that Josef Hofmann, who was "possibly doing some suspicious things," was staying at a nearby hotel.

This officer contacted his dispatcher and discovered that there were three outstanding Linn County warrants for Hofmann on charges of OWI and interference with official acts. Also, a Tama County warrant was outstanding for possession of a controlled substance. Officer Choate consulted another officer, and they decided to execute the Linn County arrest warrants later that day.

At least seven law enforcement officers executed the arrest warrants. The police department had information indicating that Hofmann was high risk because he had been violent in the past and had a history of carrying guns. The officers called in the special response team (SRT), which specializes in high-risk situations, to assist.

The officers knocked on Hofmann's door, announcing themselves as hotel staff members. When nobody responded, the officers tried to use a hotel passkey but ultimately had to force the door open because the security chain was attached. The officers found Hofmann and a female companion inside. They ordered Hofmann to lie down and place his hands behind his back.

The officers observed a large bag of marijuana on a dresser, scales, a smaller bag of marijuana on an end table, and several rolling papers. While checking for weapons, an officer opened a dresser drawer near Hof-

mann's head and found four more large bags of marijuana. At that point, Hofmann and his female companion were moved to another part of the room, and the narcotics officers proceeded to apply for a warrant to search the room and Hofmann's car.

The State charged Hofmann with possession of a controlled substance with intent to deliver in violation of Iowa Code section 124.401 (1993). The defendant moved to suppress all evidence obtained from the allegedly pretextual arrest. The court denied the motion, and the case proceeded to trial. The defendant waived his right to a jury trial, and the court found him guilty of the charged offense.

A motion to suppress implicates the Fourth and Fourteenth Amendments of the United States Constitution. *State v. Wiese,* 525 N.W.2d 412, 414 (Iowa 1994); *State v. Scott,* 518 N.W.2d 347, 349 (Iowa 1994). We review constitutional issues de novo. *State v. Simpson,* 528 N.W.2d 627, 630 (Iowa 1995); *Wiese,* 525 N.W.2d at 414.

■ The defendant asserts error in denying his motion to suppress on the ground that the officers' execution of the arrest warrants was pretextual. He contends the officers were actually interested in searching the defendant's room for drugs but did not have probable cause to conduct a search. A pretextual arrest

> occurs when the police employ an arrest based on probable cause as a device to investigate or search for evidence of an unrelated offense for which probable cause is lacking. As such, the arrest serves as a means to circumvent the warrant requirement of the fourth amendment.

*United States v. Trigg,* 878 F.2d 1037, 1039 (7th Cir.1989), *cert. denied,* 502 U.S. 962, 112 S.Ct. 428, 116 L.Ed.2d 448, 449 (1991).

The defendant argues that the officers attempted to subvert the Fourth Amendment's probable cause requirement and that the court should have excluded any evidence gathered. Exclusion of all evidence has been characterized as the "traditional response" to pretextual arrest searches. *Id.*

The State responds that the search was not illegal because the officers were doing no more than what they were authorized to do in executing the arrest warrants, and the current weight of authority does not dictate that such evidence be suppressed. Any evidence gathered, the State claims, falls under exceptions for either a search incident to arrest or the plain view doctrine.

Currently, there is a split among the federal circuits as to the test by which allegedly pretextual police conduct should be measured. At least two circuits have adopted a test that asks whether the officer *would* have made the arrest or stop in the absence of the invalid or true purpose. *See United States v. Fernandez,* 18 F.3d 874, 876 (10th Cir.1994); *United States v. Smith,* 799 F.2d 704, 708–11 (11th Cir.1986). But a majority of circuits have adopted a purely objective test, often termed the "authorization" or "could" test: "So long as the police are doing no more than they are legally permitted and objectively authorized to do, an arrest is constitutional." *Trigg,* 878 F.2d at 1041; *accord United States v. Scopo,* 19 F.3d 777, 784 (2d Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 207, 130 L.Ed.2d 136 (1994); *United States v. Hassan El,* 5 F.3d 726, 730 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1374, 128 L.Ed.2d 50 (1994); *United States v. Mitchell,* 951 F.2d 1291, 1295 (D.C.Cir.1991), *cert. denied,* 504 U.S. 924, 112 S.Ct. 1976, 118 L.Ed.2d 576 (1992); *United States v. Cummins,* 920 F.2d 498, 501 (8th Cir.1990), *cert. denied,* 502 U.S. 962, 112 S.Ct. 428, 116 L.Ed.2d 448, 449 (1991); *United States v. Causey,* 834 F.2d 1179, 1184–85 (5th Cir. 1987) (en banc) ("The correct rule is that ... in a case where the officers have taken no action except what the law objectively allows their subjective motives in doing so are not even relevant to the suppression inquiry.... [T]he intent with which they acted is of no consequence.").

We considered the pretextual arrest issue in *State v. Garcia,* 461 N.W.2d 460 (Iowa 1990). There, we implicitly adopted the objective test as articulated in *Trigg,* but held that the search in *Garcia* was valid in any event as a search incident to arrest. *Garcia,* 461 N.W.2d at 463–64.

■ We now expressly adopt an objective or "could" assessment of the officers' conduct in making the arrest. So long as the officer is legally permitted and objectively authorized to do so, an arrest is constitutional. *See Trigg,* 878 F.2d at 1047.

■ Officer Choate had a legal purpose in arresting the defendant: executing multiple warrants for his arrest. Whether Choate suspected Hofmann was using or delivering illegal drugs is irrelevant. Any drugs or drug paraphernalia discovered in the search of the room during the arrest were excepted from the warrant requirement because they were either in plain view or discovered in a search incident to the defendant's arrest.

**AFFIRMED.**