**STATE of Iowa, Appellant,**

v.

**Glen Lavern MEYER, Appellee.**

**No. 95–615.**

Supreme Court of Iowa.

Feb. 14, 1996.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, and Paul L. White, County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and Sara E. Hennesy, Assistant State Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

We granted the State's application for discretionary review of the district court's ruling on the defendant's motion to suppress evidence seized during the search of his vehicle. Although the court found the defendant had been legally stopped for speeding and legally arrested on an outstanding warrant that later turned out to be improperly outstanding, it granted the motion to suppress because it found "there was no probable cause to search defendant's vehicle incident to his arrest." We find the search was a valid search incident to arrest and therefore reverse the court's ruling and remand the case for trial.

Because a constitutional issue is involved, our review is de novo. *State v. Hofmann*, 537 N.W.2d 767, 769 (Iowa 1995). We make an independent evaluation of the totality of the circumstances as shown by the record. *State v. Cook*, 530 N.W.2d 728, 731 (Iowa 1995).

I. *Background.*

On October 19, 1994, Iowa State Trooper Hilt, while on routine patrol, stopped Glen Lavern Meyer for speeding. The trooper had clocked Meyer, the driver and sole occupant of a station wagon, going eighty-two miles per hour in a fifty-five mile-per-hour zone. He issued a citation for speeding in lieu of arrest as permitted by Iowa Code section 805.1 (1993).

While preparing the citation the trooper ran a routine radio check on Meyer's driver's license. He was told the license was valid but there was an outstanding warrant for the arrest of Meyer for parole violation. When confronted by this information, Meyer stated he had been released from parole. Trooper Hilt then requested by radio a computer check of the arrest warrant. This check confirmed that there was an active warrant

for Meyer initiated by the department of corrections. He then placed Meyer under arrest. He advised Meyer that he would be taken to the sheriff's office, that he could not drive his vehicle, and that a tow truck would be sent to pick up his vehicle.

The trooper testified he did an initial search incident to the arrest of the vehicle at the scene. Upon search of the vehicle, he found an open canister of marijuana. Meyer was then taken to the sheriff's office. Upon arrival trooper Hilt made a phone call to the department of corrections and was told Meyer had indeed been released from parole. When the parole officer was contacted by Hilt, she stated Meyer had been released and the warrant should have been eliminated from the computer.

On October 31 Meyer was charged with possession of a controlled substance, marijuana, in violation of Iowa Code section 124.401(3). He entered a not guilty plea. On January 6, 1995, he filed a motion to suppress evidence obtained during the search of his vehicle. He claimed the search was made incident to an illegal arrest and no other probable cause existed for the search. The district court granted the motion.

On appeal the State argues the evidence found in the vehicle was a result of a legal search incident to arrest or, alternatively, that Hilt's reliance on the arrest warrant was reasonable and satisfied the good faith exception to the exclusionary rule.

II. *Search Incident to Arrest.*

■ An arrest is the taking of a person into custody when and in the manner authorized by law. Iowa Code § 804.5. A peace officer may make a lawful arrest in obedience to a warrant; and without a warrant as provided by Iowa Code section 804.7. "[A]n illegal arrest will generally require suppression of any evidence seized pursuant to the arrest." *State v. Thornton,* 300 N.W.2d 94, 95 (Iowa 1981).

■ This case involves the validity of the arrest and the scope of the search incident to the arrest. In both *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969), and *United States v.*

*Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427, 440–41 (1973), the Court adopted a categorical rule that when a valid custodial arrest occurs, a search incident to arrest is automatically permissible. The lawfulness of the arrest establishes the authority to search. In *Gustafson v. Florida,* 414 U.S. 260, 266, 94 S.Ct. 488, 492, 38 L.Ed.2d 456, 461 (1973), the Court held a search incident to arrest may be conducted even when the custodial arrest is for driving without a driver's license, a very minor traffic violation. The individual officer is permitted virtually unlimited discretion in deciding when to make an arrest, issue a citation, or give a warning. A person known by the officer to have violated traffic laws is subject to full custodial arrest. *State v. Becker,* 458 N.W.2d 604, 607 (Iowa 1990).

In *Cook,* decided after the trial court had made its ruling, we stated:

The full search of the arrestee's person "is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under the Amendment." Being reasonable per se, a search incident to arrest, even when the offense is only a minor traffic violation, requires no additional justification.

*Cook,* 530 N.W.2d at 731 (citations omitted). Although the trooper's observation of a seat belt violation gave him probable cause to arrest the defendant, he chose to only give the defendant a citation. *Id.* We concluded

the trooper's decision to issue the defendant a citation in lieu of a custodial arrest did not affect the trooper's right to conduct a search of the same scope as a search incident to arrest because a citation is equivalent to a custodial arrest for authority to search purposes under Iowa Code section 805.1(4).

*Id.* at 733. We upheld the search of the defendant's person as within the scope of a search incident to arrest. *Id.*

Here, the trooper found marijuana in an open film canister sitting on the hump between the seats of Meyer's station wagon. In *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981), the Court held an officer making a lawful custodial arrest of an occupant of a vehicle may, as a contemporaneous incident of that

arrest, search the passenger compartment of the vehicle. Similarly, where the defendant was stopped and arrested for speeding, we held the search of the defendant's vehicle after the defendant had been placed in the patrol car was a valid search incident to arrest. *State v. Edgington,* 487 N.W.2d 675, 678 (Iowa 1992).

■ A search incident to lawful arrest is legal even if the arresting officer had an ulterior motive for the arrest or had no independent probable cause to conduct the search. *State v. Garcia,* 461 N.W.2d 460, 463 (Iowa 1990). We have adopted an objective or "could" assessment of the arresting officer's conduct in making the arrest. *Hofmann,* 537 N.W.2d at 770. "So long as the officer is legally permitted and objectively authorized to do so, an arrest is constitutional." *Id.*

III. *Conclusion.*

■ Trooper Hilt was legally permitted to arrest Meyer for the speeding violation. The issuance of a citation for speeding gave the officer the right to conduct a search incident to arrest. The scope of a search incident to arrest of a driver permits the search of the passenger compartment of the vehicle. Objectively, Hilt could conduct the automobile search made at the scene of the arrest. Although he may not have done so if an outstanding warrant for Meyer's arrest had not been reported, he "could" have searched the vehicle incident to the issuance of the citation. Even if the arrest warrant was invalid, the search of the vehicle conducted by the officer was a reasonable search because the citation issued by him gave him reasonable cause to conduct the search.

Having concluded the search was valid, we need not discuss or determine if a search, conducted pursuant to an arrest warrant that had mistakenly not been lifted at the time of arrest, would constitute a good faith exception to the exclusionary rule under the holding in *Arizona v. Evans,* 514 U.S. ——, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995).

**REVERSED AND REMANDED.**