**STATE of Iowa, Appellee,**

v.

**Duane Allen DORAN, Appellant.**

**No. 96–437.**

Supreme Court of Iowa.

May 21, 1997.

---

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock and Christopher Cooklin, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, James DeTaeye, County Attorney, and James Scheetz, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Duane Doran, appeals from his conviction, following a jury trial, for possession of marijuana in violation of Iowa Code section 124.401(3) (1995). He contends that the district court erred in overruling his motion to suppress evidence obtained from a search of his person. After reviewing the record and considering the arguments of the parties, we affirm the judgment of the district court.

Defendant was operating his motorcycle when he was stopped by a police officer for having no headlights or taillights. After the motorcycle stopped, the officer approached defendant and confiscated an illegal sheathed knife that was affixed to his belt in plain view. The officer then began to write a citation for the motorcycle's lack of proper lighting. While so doing a response was received to a radio check of the motorcycle's registration. That response revealed that the vehicle was not owned by defendant. Upon receiving that information, the officer searched the bike and defendant's person. In a pocket located on leather chaps worn by defendant, a cellophane cigarette package containing marijuana was discovered.

Defendant was then arrested for possession of a controlled substance, taken to the police station, issued a citation, and ultimately released on a promise to appear. Shortly thereafter, the officer realized that he had not completed writing the citation for the headlight and taillight violations. That citation was completed and delivered to defendant the following day.

In advance of trial, defendant filed a motion to suppress, asserting that the officer's search of his person was illegal because it lacked probable cause or exigent circumstances. In addition, the defendant maintained in his motion to suppress that if, as the State contended, the search was authorized as incident to a citation in lieu of arrest under the provisions of Iowa Code section 805.1(4), that (1) the search was not sufficiently contemporaneous with the issuance of the citation to invoke the authority of that statute, and (2) application of the statute would violate his Fourth and Fourteenth Amendment rights under the Federal Consti-

tution and corresponding guarantees under article I, section 8 of the Iowa Constitution.

The jury found defendant to be guilty as charged. Following conviction, he was fined $350. He now appeals, contending that (1) the search was invalid based upon lack of probable cause or exigent circumstances; (2) any authorization for a search provided by section 805.1(4) did not apply because the search was not made contemporaneously with the issuance of the citation; and (3) if applied in this case, section 805.1(4) is unconstitutional as violating defendant's Fourth and Fourteenth Amendment rights under the Federal Constitution and the corresponding protections under article I, section 8 of the Iowa Constitution.

The State's argument concedes that the challenged search of defendant's person must be upheld, if at all, under the "search incident to an arrest" doctrine as extended to citations in lieu of arrest under section 805.1(4). It asserts that this statute was validly applied by the trial court in the present case to provide legal justification for the challenged search. Under this analysis, the State urges, the only issue of probable cause that need be considered is whether there was probable cause to believe a vehicle equipment violation existed so as to provide a basis for a custodial arrest on that charge. This contention finds support in the views expressed by this court in *State v. Becker*, 458 N.W.2d 604 (Iowa 1990). In that case we observed:

> The pronouncements in [*Pennsylvania v. Mimms*, 434 U.S. 106, 110, 98 S.Ct. 330, 333, 54 L.Ed.2d 331, 336–37 (1977),] concerning enhancement of the officer's safety were within the context of action which might be taken against a driver known to the officer to have violated the traffic laws. A person in that position is, in many states, including Iowa, technically subject to full custodial arrest. *See* Iowa Code § 805.1(6) (1989). To the extent the officer elects to temporarily pursue a lesser intrusion, he has the right to condition that election on certain aspects of detention and search which are conducive to the officer's safety. *See* Iowa Code § 805.1(4) (1989) (issuance of citation in lieu of arrest or in lieu of continued custody does not affect

the officer's authority to conduct an otherwise lawful search).

*Becker,* 458 N.W.2d at 607.

■ We conclude that *Becker* and subsequent decisions of this court, particularly *State v. Meyer*, 543 N.W.2d 876 (Iowa 1996), and *State v. Hofmann*, 537 N.W.2d 767 (Iowa 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 2528, 135 L.Ed.2d 1052 (1996), establish that the "search incident to an arrest" doctrine applied in Fourth Amendment jurisprudence is dependent on facts that provide a legal basis for making a custodial arrest rather than the act of arrest itself. As we stated in *Meyer*:

> A search incident to lawful arrest is legal even if the arresting officer had an ulterior motive for the arrest or had no independent probable cause to conduct the search. We have adopted an objective or "could" assessment of the arresting officer's conduct in making the arrest "so long as the officer is legally permitted and objectively authorized to do so, an arrest is constitutional."

*Meyer,* 543 N.W.2d at 879 (quoting *Hofmann*, 537 N.W.2d at 770) (citations omitted).

The same point was sharply made in the concurring opinion of Justice Harlan in *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), in which he observed:

> Of course, the fruits of a search may not be used to justify an arrest to which it is incident, but this means only that probable cause to arrest must precede the search. If the prosecution shows probable cause to arrest prior to a search of a man's person, it has met its total burden. There is no case in which a defendant may validly say, "Although the officer had a right to arrest me at the moment when he seized me and searched my person, the search is invalid because he did not in fact arrest me until afterwards."

*Sibron,* 392 U.S. at 77, 88 S.Ct. at 1909, 20 L.Ed.2d at 943.

■ Although some language in *State v. Cook*, 530 N.W.2d 728, 732 (Iowa 1995), suggests that the "search incident" doctrine requires that there be an actual arrest or cita-

tion contemporaneous with the grounds for arrest, we do not now believe that any particular period of delay should weigh heavily in the constitutional analysis. If the officer is legally permitted and objectively authorized to make the arrest, he is, for that reason alone, also authorized to make the search. Here, the facts clearly provided objective grounds for arrest on the equipment violation pursuant to section 805.1(6).

■ One court has determined that a complete absence of arrest on the charge that provided grounds for the initial stop does not invalidate the search. In *People v. Rossi*, 102 Ill.App.3d 1069, 58 Ill.Dec. 291, 430 N.E.2d 233 (1981), a defendant was stopped for a taillight violation. A search of his automobile and person disclosed controlled substances. In discussing the constitutionality of the search, the appellate court stated:

> [W]e conclude that the search of the defendant ... was validly made pursuant to the existence of probable cause for an arrest.... The police testified that they and the assistant state's attorney chose not to charge the defendant with those lesser offenses in light of the discovery of the more serious offense of possession of PCP.... [T]he fact that the arrest of defendant did not take place before the search and was not for the original offenses does not vitiate the existence of probable cause for the search incident to arrest.

*Rossi*, 102 Ill.App.3d at 1073, 58 Ill.Dec. at 294, 430 N.E.2d at 236. We find no merit in defendant's contention that the delay in issuance of the citation for the equipment violation rendered the officer's search of his person invalid.

■ We also reject defendant's contention that the grant of authority to search contained in section 805.1(4) extends beyond that which is permitted under the Fourth Amendment. One who makes a constitutional challenge to a statute bears a heavy burden. That person must establish the statute's invalidity beyond a reasonable doubt. *Saadiq v. State*, 387 N.W.2d 315, 320 (Iowa 1986); *State v. Henderson*, 269 N.W.2d 404, 405 (Iowa 1978).

The societal interest that sustains the right of law enforcement agencies to make searches incident to arrest was revealed as follows in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969):

> When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise the officer's safety might well be endangered, and the arrest itself frustrated.

*Chimel*, 395 U.S. at 762–63, 89 S.Ct. at 2040, 23 L.Ed.2d at 694. Consistent with this pronouncement, we recognized in *Becker*, 458 N.W.2d at 607, that because an officer has grounds for a full custodial arrest for violation of the traffic laws based on the provisions of section 805.1(6) "[t]o the extent the officer elects to temporarily pursue a lesser intrusion, he has a right to condition that election on certain aspects of detention and search which are conducive to the officer's safety." We reject defendant's contention that the authority to search recognized in section 805.1(4) extends beyond that which is permitted under the Fourth Amendment. The same considerations that prompt us to reject that contention cause us to reject his accompanying constitutional challenge under article I, section 8 of the Iowa Constitution.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

All justices concur except NEUMAN, J., and LAVORATO, SNELL, and TERNUS, JJ.

NEUMAN, Justice (dissenting).

I respectfully dissent. Although the majority cites persuasive authority for the steady erosion of the traveling public's Fourth Amendment protections, I remain unwilling to believe section 805.1(4) permits a search incident to issuance of a routine traffic citation without *some* consideration of reasonableness.

It is beyond argument that a search incident to a custodial arrest constitutes an ex-

ception to the Fourth Amendment's warrant requirement; the very circumstances surrounding an arrest make it a "reasonable" search under that amendment. *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427, 440–41 (1973). What is less clear is whether courts are free to abandon the venerable case-by-case determination of reasonableness when the circumstance involves other than a custodial arrest. *See id.* at 236 n. 6, 94 S.Ct. at 488 n. 6, 38 L.Ed.2d at 441 n. 6 (declining to address law governing search incident to citation where officer made full-custody arrest of traffic violator). The majority jumps into the breach, invalidating *any* Fourth Amendment challenge to a search incident to a citation on the ground the officer *could have* subjected the detainee to full custodial arrest. In doing so, I believe the court mistakes expedience for principle.

*Robinson*, the seminal opinion permitting search of an arrestee when only a traffic offense has been violated, grounded its holding in the officer's "need to disarm the suspect in order to take him into custody and to preserve evidence on his person for later use at trial." *Id.* at 234, 94 S.Ct. at 476, 38 L.Ed.2d at 440; *see State v. Farrell*, 242 N.W.2d 327, 329–30 (Iowa 1976) (paraphrasing *Robinson* rationale). One could hardly quarrel with this reasoning in the context of a custodial arrest. But I believe the rationale loses its grounding when an officer does no more than issue a traffic ticket. In that context the officer's contact with the traffic violator may be minimal. Rarely will there be evidence to preserve. Admittedly, the officer's initial stop may generate safety concerns justifying a *Terry*-type investigative frisk. A full search is quite another matter.

The majority justifies its blanket search-incident-to-citation rule by pointing to a concurring opinion in *Sibron v. New York* which reasoned that the facts supporting probable cause to arrest—not the arrest itself—furnish the reasonableness finding in every case. At issue in *Sibron* was the constitutionality of a state statute purporting to authorize certain types of searches and seizures without warrants. *Sibron v. New York*, 392 U.S. 40, 60, 88 S.Ct. 1889, 1901, 20 L.Ed.2d 917, 933 (1968). Even the concurrence in

*Sibron*, however, recognized that the constitutional reasonableness of the statute could not be decided in the abstract. *Id.* at 71, 88 S.Ct. at 1906, 20 L.Ed.2d at 939 (Harlan, J., concurring). Indeed, the *majority* in *Sibron* stated: "The constitutional validity of a warrantless search is preeminently the sort of question which can only be decided in the concrete factual context of the individual case." *Id.* at 59, 88 S.Ct. at 1901, 20 L.Ed.2d at 932.

In my view, the reasonableness of a search incident to citation can no more be gathered from the text of section 805.1(4) than could the reasonableness of a *Terry*-type search from the statute discussed in *Sibron.* Section 805.1(4) grants officers the authority to conduct "an otherwise *lawful* search." (Emphasis added.) Because the search-incident-to-arrest exception articulated in *Chimel* was grounded on reasonableness, I believe the "lawful" search permitted by section 805.1(4) must likewise be defined by that standard. Certain traffic stops—perhaps even the one at issue here—may reasonably justify a protective patdown search. But subjecting every traffic violator to a full search on the ground the officer *could* subject the individual to full arrest is not, in my view, reasonable under *Robinson* or *Chimel.*

It is, indeed, expedient in an era of crime consciousness to enhance the power of police officers. We want them on the lookout for gun-toting drug dealers and would-be terrorists. But the sweep of today's opinion will also sacrifice the personal privacy of "soccer moms" driving a little too fast to the ball field, senior citizens motoring along without a taillight, and otherwise "good kids" who fail to dim their high beams swiftly enough. All will be subject to search at the whim of the officer, not because they will be taken into custody, but because *they could have been.* That is not reasonable, and in my view, it violates the spirit, as well as the letter, of the Fourth Amendment and article I, section 8 of the Iowa Constitution.

LAVORATO, SNELL and TERNUS, JJ., join this dissent.