**STATE of Iowa, Appellee,**

v.

**Patrick KNOWLES, Appellant.**

No. 96–1584.

Supreme Court of Iowa.

Oct. 22, 1997.

Maria Ruhtenberg of Paul Rosenberg & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Steve Johnson, County Attorney, and James

Cleverley, Jr., Assistant County Attorney, for appellee.

CARTER, Judge.

Defendant, Patrick Knowles, was convicted of possession of a Schedule I controlled substance (marijuana) in violation of Iowa Code section 124.401(3) (1995) and keeping a controlled substance in an automobile in violation of Iowa Code section 124.402(1)(e). He appeals and challenges evidentiary rulings that allowed evidence of marijuana that had been obtained by a search of his person and automobile incident to the issuance of a traffic citation. Defendant divides his grounds for reversal into four contentions: (1) the lack of probable cause to search under the Fourth Amendment to the federal constitution, (2) the invalidity of a purported statutory grant of authority to search based on the issuance of a traffic citation, (3) the invalidity of a purported authorization for custodial arrest for a speeding violation under the seizure restrictions of the Fourth Amendment to the federal constitution, and (4) that it was unreasonable to detain the defendant after the issuance of the citation had been completed. Because we find the controlling issues of law have been determined adversely to defendant in *State v. Doran*, 563 N.W.2d 620 (Iowa 1997), we affirm the judgment of the district court.

We need not consider defendant's first contention as existing separate and distinct from the second. The State does not contend that there was probable cause to search under the warrant standards of the Fourth Amendment. Defendant was stopped by police for driving at an excessive speed. There were no circumstances indicating that evidence of crime existed on his person or in his automobile. The officer's election to search his person and his car was based solely on the perceived authority to search conferred by Iowa Code section 805.1(4). We thus proceed to the consideration of defendant's contention that this statute is unconstitutional.

We have consistently interpreted section 805.1(4) as providing authority to search when a traffic violation has occurred that would constitute grounds for an arrest. *State v. Meyer*, 543 N.W.2d 876, 879 (Iowa 1996); *State v. Becker*, 458 N.W.2d 604, 607 (Iowa 1990). Defendant does not contest the fact that he was speeding or that there was a statutory basis for arrest. *See* Iowa Code section 805.7. In *Doran* we upheld the authority to search conferred by section 805.1(4) in the face of challenges based on the Fourth Amendment and article I, section 8 of the Iowa Constitution.

Defendant urges us to reconsider our *Doran* holding. He asserts that, because the "search incident to an arrest" exception to the Fourth Amendment is the only constitutional predicate on which the State seeks to support the authority to search his person and automobile, there must have in fact been a custodial arrest to satisfy the limitations on searches imposed by the Fourth Amendment. He urges that our holding in *Doran* that the constitutional basis for the "search incident to an arrest" exception is satisfied by the presence of grounds for arrest rather than the making of a custodial arrest is misguided. We disagree. The suggestion that the constitutional basis for the "search incident to an arrest" exception is an actual arrest is belied by those decisions that hold that the timing of the arrest need not precede the search. *See State v. Peterson*, 515 N.W.2d 23, 25 (Iowa 1994); *State v. Beatty*, 305 N.W.2d 496, 498 (Iowa 1981). And, when the search produces an independent ground for an arrest on a more serious charge, the foregoing of an arrest for the traffic violation does not defeat the authority to search. *See People v. Rossi*, 102 Ill.App.3d 1069, 1073, 58 Ill.Dec. 291, 430 N.E.2d 233, 236 (1981).

We are satisfied that our decision in *Doran* properly identified the public policy reasons that support the "search incident to an arrest" exception when grounds for a legal arrest are present. When an officer has a legal basis to make a custodial arrest and thereby acquires grounds for searching a suspect's person or automobile in the absence of probable cause, an election by the officer to pursue a lesser intrusion, such as issuing a citation, may be conditioned on certain as-

pects of detention and search that are conducive to the officer's safety. Based on those considerations, the legislature's grant of the authority to search provided in section 805.1(4) does not offend against the Fourth Amendment.

Defendant's third point, which suggests that the statutory authorization for a custodial arrest on a speeding charge is an unlawful authorization of an illegal seizure of the person under the Fourth Amendment, was not raised in the motion to suppress before the district court and thus may not be considered by us. His argument that he was unreasonably detained following the issuance of the citation must be rejected because the further detention was for purposes of making a search that has now been determined to be lawful. We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

All justices concur except NEUMAN, LAVORATO, SNELL, and TERNUS, JJ., who dissent.

NEUMAN, Justice (dissenting).

For the reasons expressed in my dissent to *State v. Doran,* 563 N.W.2d 620, 623 (Iowa 1997) (Neuman, J., dissenting), I cannot join the majority opinion. The constitutional reasonableness of a statute that purports to authorize a search that is neither pursuant to warrant, incident to custodial arrest, or based on probable cause simply cannot be decided in the abstract. The validity of such a search is "pre-eminently the sort of question which can only be decided in the concrete factual context of the individual case." *Sibron v. New York,* 392 U.S. 40, 59, 88 S.Ct. 1889, 1901, 20 L.Ed.2d 917, 932 (1968). The United States Supreme Court has never departed from this principle and neither, I respectfully suggest, should we.