**STATE of Iowa, Appellee,**

v.

**Michael A. OROZCO, Appellant.**

**No. 96–1623.**

Supreme Court of Iowa.

Dec. 24, 1997.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Paul L. Martin, County Attorney, and Kathleen Selzler, Assistant County Attorney, for appellee.

PER CURIAM.

The defendant, Michael Orozco, was convicted of possession of marijuana, in violation of Iowa Code sections 124.401(3) and 124.204(4)(m) (1995). He appeals, challenging the admission of evidence obtained by a search incident to the issuance of a citation. *See* Iowa Code § 805.1(4). He argues a search incident to the issuance of a citation is an unconstitutional grant of authority to law enforcement. Orozco also raises a statutory challenge, contending Iowa Code section 805.9(3)(a)-(c) limits an officer's authority to arrest an individual for a scheduled violation. We affirm.

*I. Factual Background and Proceedings Below.*

Mason City police officer Logan Wernet stopped the defendant, Michael Orozco, for speeding on October 7, 1995. Officer Wernet gave Orozco a speeding citation, which Orozco signed. Thereafter, officer Wernet asked Orozco if he could search his vehicle. Orozco gave him permission to use his flashlight to look into the car, and asked what

would happen if he did not consent. The officer responded that the vehicle would be searched regardless based upon a search incident to a lawful arrest. During the search, officers found a plastic baggie containing marijuana in an unzipped bag on the passenger seat. Officer Wernet arrested Orozco for possession of marijuana.

After the State filed the trial information, Orozco filed a motion to suppress. He argued (1) detention after the citation was issued was violative of the Fourth Amendment, (2) consent to search was not given, and (3) section 805.1(4) is inapplicable and unconstitutional. Following a hearing, the court denied his motion. It determined officer Wernet issued Orozco a citation rather than arresting him, and that decision did not deprive the officer of his right to conduct a search incident to arrest. Regarding the constitutional challenge to section 805.1(4), it determined Orozco did not meet his burden of proof.

Thereafter, Orozco waived his right to a jury trial and proceeded to a bench trial. The court found Orozco guilty as charged and sentenced him to forty-five days in jail, with all but two days suspended. He was also placed on probation for one year.

Orozco now appeals.

## II. Standard of Review.

■ Orozco raises a constitutional challenge to section 805.1(4); therefore, our review is de novo. *State v. Meyer*, 543 N.W.2d 876, 877 (Iowa 1996). We are obliged to make an independent evaluation of the totality of the circumstances as shown by the record. *State v. Cook*, 530 N.W.2d 728, 731 (Iowa 1995). In reviewing the district court's ruling on the suppression motion, we may consider the evidence presented during the suppression hearing as well as that presented at trial. *Id.*

■ To the extent that Orozco's challenges turn on the interpretation of a statute, our review is for errors of law. *State v. Adams*, 554 N.W.2d 686, 689 (Iowa 1996).

## III. Constitutional Challenge to Section 805.1(4).

■ Orozco argues section 805.1(4) is unconstitutional under the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. He believes that to comply with the Fourth Amendment's reasonableness requirement, a full custodial arrest is necessary before a search can be made, and a full custodial arrest does not occur without a formal arrest or warrant. Orozco asserts a citation does not constitute an arrest, and an officer is not permitted to conduct a search incident to its issuance.

Orozco's constitutional claims have already been adversely decided against him in *State v. Doran*, 563 N.W.2d 620 (Iowa 1997), and *State v. Knowles*, 569 N.W.2d 601 (Iowa 1997). In *Doran*, this court determined section 805.1(4) was constitutional under the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. *Doran*, 563 N.W.2d at 623. Even more recently in *State v. Knowles*, we reaffirmed *Doran* and rejected further attempts to invalidate a search made pursuant to the issuance of a citation. *Knowles*, 569 N.W.2d at 602.

■ We decline to overrule *Doran* and *Knowles*. We reaffirm the public policy reasons discussed in those decisions which support the search-incident-to-citation exception in situations where an officer has legal cause to make a custodial arrest, but chooses a lesser intrusion instead. Finding no constitutional violation, we affirm on this ground.

## IV. Does Section 805.9(3) Negate an Officer's Authority to Arrest for a Scheduled Traffic Violation?

■ As an alternative argument, Orozco suggests that the "search incident to an arrest" doctrine does not apply because there is no authority to arrest for a scheduled violation. He premises this contention on the language of section 805.9(3) that states:

When section 805.8 [which lists scheduled violations] and this section are applicable but the officer does not deem it

advisable to release the defendant and no court in the county is in session:

a. If the defendant wishes to admit the violation, the officer may release the defendant upon observing the person mail the citation and complaint, admission, and minimum fine, ... to a traffic violations office....

b. If the defendant does not comply with paragraph "a", the officer may release the defendant upon observing the defendant mail to a court in the county the citation and complaint and ... fine ... or ... a guaranteed arrest bond certificate....

c. *If the defendant does not comply with paragraph "a" or "b", or when section 804.7 is applicable, the officer may arrest and confine the defendant if authorized by the latter section,* and proceed according to chapter 804.

(Emphasis added.) Our reading of this statute reveals nothing that negates the authority to arrest for a public offense that is contained in section 804.7(1) and (2).[1]

If section 804.7 is applicable, and we conclude that it is, subsection (c) of section 805.9(3) expressly recognizes the officer's authority to arrest for a scheduled violation. This right to arrest is also recognized in section 805.6(1)(c), which requires the officer to enter the amount of the fine and costs in the citation "[u]nless the officer issuing the citation arrests the alleged offender." We find no merit in Orozco's argument that the officer was without authority to arrest him for a scheduled violation.

*V. Conclusion.*

We affirm Orozco's conviction and sentence for possession of marijuana. Our search-incident-to-citation statute is not constitutionally infirm, and none of the provisions of section 805.9(3) limit an officer's

authority or discretion to arrest an individual for a scheduled violation.

**AFFIRMED.**

All justices concur except LAVORATO, NEUMAN, SNELL, and TERNUS, JJ., who concur in the result.

---

1. Section 804.7(1) and (2) provides:
   A peace officer may make an arrest in obedience to a warrant delivered to the peace officer; and without a warrant:
   1. For a public offense committed or attempted in the peace officer's presence.

2. Where a public offense has in fact been committed, and the peace officer has reasonable ground for believing that the person to be arrested has committed it.