# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1212

_____

Loren David Bailey,                    *
                                       *
    Petitioner- Appellant,             *
                                       *  Appeal from the United States
v.                                     *  District Court for the Southern
                                       *  District of Iowa
Terry Mapes,                           *
                                       *
    Respondent-Appellee.               *
                                       *

_____

Submitted:  October 21, 2003

Filed:  March 2, 2004

_____

Before BYE, JOHN R. GIBSON, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

## I.    BACKGROUND

Bailey was pulled over by a police officer for speeding and for having a missing tail light on February 16, 1997. Upon searching the vehicle, the officer found drug paraphernalia and methamphetamine. No motion to suppress was filed. Bailey was charged and convicted in the Iowa district court of possession with intent to deliver methamphetamine. He was sentenced to ten years in prison.

On direct appeal, Bailey argued that his trial counsel was ineffective for failing to object to evidence of his prior drug trafficking convictions. The Court of appeals affirmed the conviction, ruling that the evidence would have been admissible "even over a timely-made, proper objection." State v. Bailey, No. 98-0584, slip at 5 (Iowa Ct. App. February 24, 1999). Bailey raised no other issues in his direct appeal.

Before the Iowa Court of Appeals issued a ruling on Bailey's direct appeal, the United States Supreme Court decided Knowles v. Iowa, 525 U.S. 113 (1998). Knowles held that the Iowa law allowing a search incident to a traffic citation violated the Fourth Amendment. Id. at 116.

Bailey then applied for state postconviction relief on his first conviction and a subsequent conviction he received while his first direct appeal was pending.[1] Among other things, Bailey argued that Knowles should be retroactively applied to his case, which would render the search of his automobile unconstitutional. The state district court rejected Bailey's argument and found that Knowles was not retroactive.

Bailey appealed the postconviction relief ruling. In affirming the lower court, the Iowa Court of Appeals refused to address the retroactivity of Knowles. Bailey v. State, No. 00-0678, 2001 WL 539642 at *4 (Iowa Ct. App. 2001). Instead, it held that the claim could not be raised in a postconviction proceeding because Bailey failed to preserve that error in the underlying criminal case. Id. at *3. It noted that Bailey had not filed a motion to suppress at the trial and did not even challenge the search on direct appeal, even though a writ of certiorari was granted in Knowles on March 23, 1998, which was before his sentencing. Id. In addition, it noted that

_____

[1] Bailey was released on bond while his first appeal was pending. During that time, he was again pulled over for a traffic violation, and illegal drugs were discovered during the consensual search of his vehicle. Bailey was charged with possession with intent to deliver methamphetamine. He pled guilty and did not appeal this conviction.

Bailey failed to include a statement of error preservation in his appeal brief as required by Iowa Rule of Appellate Procedure 14(a)(5). Id.

Bailey then filed a petition for federal habeas relief. He argued that Knowles should be applied retroactively and that his appellate counsel was ineffective for failing to raise the issue on appeal. The federal district court denied Bailey's petition, finding that his claim was procedurally defaulted. We affirm.

II.    Applicable Law and Discussion

On postconviction review, the Iowa Court of Appeals held that Bailey waived his Knowles claim by failing to raise it at trial or on direct appeal. Citing to clearly established Iowa law, the Iowa Court of Appeals noted that any claim not properly raised at trial or on direct appeal may not be litigated in a state postconviction proceeding unless there is a sufficient reason for not properly raising it previously. Bailey v. State, 2001 WL 539642 at *3 (Iowa Ct. Ap. 2001) (citing Adock v. State, 528 N.W.2d 645 (Iowa Ct. App. 1994), and State v. Mann, 602 N.W.2d 785 (Iowa 1999)). The Iowa Court of Appeals held that Bailey failed to set forth a sufficient reason for his failure to raise his fourth amendment claim at trial or on direct appeal, noting that the United States Supreme Court granted certiorari in Knowles before Bailey was sentenced, and that the United States Supreme Court decided Knowles before the Iowa Court of Appeals affirmed Bailey's conviction. Because the Iowa Court of Appeals' decision rested on an "independent and adequate" state procedural ground, the federal district court correctly found that Bailey's claims were procedurally defaulted and barred unless he could show "cause" and "actual

prejudice" for the procedural default.[2] See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995).

At the federal district court, Bailey argued that the "cause" of his default was ineffective assistance of counsel. Although constitutionally ineffective assistance can serve as a "cause" excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding. Murray v. Carrier, 477 U.S. 478, 489 (1986); Wyldes, 69 F.3d at 253. Bailey did not present his ineffective assistance claim to the Iowa Courts. Therefore, he cannot rely on that claim to establish "cause" for his procedural default.

In this appeal, Bailey for the first time argues that his procedural default should be excused because of the "novelty" of the underlying Knowles claim at the time of his trial and direct appeal. The Fourth Amendment claim was far from novel. The issue had been addressed by the Iowa Supreme Court in State v. Doran, 563 N.W.2d 620 (Iowa 1997), and State v. Knowles, 569 N.W.2d 601 (Iowa 1997), reversed by Knowles v. Iowa, 525 U.S. 113 (1998). Although a majority of the Iowa Supreme Court held that Iowa's search incident to citation law was constitutional in Doran and Knowles, four justices dissented and set forth the legal argument that Bailey could, and should, have made. Indeed, the United States Supreme Court ultimately agreed with the position taken by the dissenting Iowa Supreme Court Justices.

Because Bailey failed to establish sufficient "cause" for his procedural default, the district court correctly found that Bailey's habeas petition is now barred.

---

[2] Bailey concedes that he violated a state procedural rule, and that the procedural violation constitutes an "independent and adequate" state law ground. See Appelant's Brief, at 7-8. The sole issue before this court is whether Bailey's procedural default can be excused.

Consequently, we need not determine whether plaintiff can show that the default resulted in  "actual prejudice."

The judgment of the district court is affirmed.

————————