**STATE of Iowa, Appellee,**

v.

**Todd Edward GRIFFIN, Appellant.**

**No. 03–1321.**

Supreme Court of Iowa.

Jan. 28, 2005.

---

Linda Del Gallo, State Appellate Defender, and Patricia A. Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell–Douglass, Assistant Attorney General, Rosalise Olson, County Attorney, and Jon M. Martin, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Todd Edward Griffin, appeals from his conviction of possession of methamphetamine and possession of marijuana in violation of Iowa Code section 124.401(5) (2003). He asserts that evidence obtained from the search of a box contained in his motor vehicle should have been suppressed because it was the fruit of a pretextual arrest. Recognizing that such a claim has no merit under federal Fourth Amendment jurisprudence, he asks this court to conclude that a search incident to a pretextual arrest violates article I, section 8 of the Iowa Constitution. Defendant's challenge to the evidence at the district court level was based entirely on the Fourth Amendment to the federal constitution. No state constitutional grounds were urged in his motion to suppress. We decline his invitation to hold that his counsel's failure to assert a violation of the state constitution as grounds for suppress-

ing the evidence may serve as a basis for reversing his conviction. We affirm the judgment of the district court.

At approximately 2:30 a.m. on January 21, 2003, defendant was stopped by a police officer in Spirit Lake, Iowa. The reason for the stop was that the rear license plate on the vehicle defendant was driving was not illuminated and the automobile's muffler produced excessive noise. Defendant was unable to produce a driver's license upon request. Defendant did provide his name, and a computer check indicated a recent prior conviction for failing to have proof of liability insurance for the vehicle he was driving and prior drug-related arrests. Defendant admitted that he still did not have liability insurance that would cover his operation of the automobile he was driving.

At this point, the officer placed defendant under arrest on three charges. These pertained to (1) failure to light the rear license plate, (2) having an excessively loud muffler, and (3) failure to have proof of liability insurance. The officer searched defendant's person, and another officer who had arrived to assist the arresting officer searched a box in defendant's automobile and found substances that later tested positive for methamphetamine and marijuana. Defendant moved to suppress the evidence obtained from the search of his automobile on the ground that his arrest was pretextual and only carried out to effect a search of his vehicle without probable cause. At the suppression hearing, the arresting officer testified that, when defendant's name had been run through the computer, it revealed prior drug convictions. He stated that circumstance, together with defendant's evasiveness, led him to suspect that controlled substances might be found in the vehicle. He testified

that, if it were not for that suspicion, he would not have arrested defendant for the two traffic violations and failure to have proof of insurance. The arrest was made, the officer testified, in order to permit a search incident to arrest.

In support of his motion to suppress, defendant relied entirely on the Fourth Amendment to the federal constitution. Based on the decisions of the Supreme Court in *Arkansas v. Sullivan*, 532 U.S. 769, 121 S.Ct. 1876, 149 L.Ed.2d 994 (2001), and *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the district court concluded that, if probable cause exists for an arrest, a full search incident to that arrest may occur even if the arresting officer had an ulterior motive for the arrest and had no independent probable cause to conduct the search. Conceding that this is the federal law, defendant asks us to hold that a pretextual arrest may not be used to sustain a search incident to that arrest under the Iowa Constitution. He notes that, after the United States Supreme Court upheld the search incident to a pretextual arrest in *Arkansas v. Sullivan*, the Arkansas Supreme Court held that such searches were invalid under the Arkansas Constitution. *State v. Sullivan*, 348 Ark. 647, 74 S.W.3d 215, 220–22 (2002).

Because defendant did not rely on the Iowa Constitution in the district court, the state constitutional claim has been waived. To the extent that defendant requests that we grant relief on his state constitutional claim on the basis that a failure to assert it was ineffective assistance of counsel, we are unable to agree with that contention. To prevail on an ineffective-assistance-of-counsel claim, defendant is required to prove that trial counsel breached an essential duty and

that prejudice resulted. *Fullenwider v. State*, 674 N.W.2d 73, 75 (Iowa 2004). In making this determination, we start with the proposition that trial counsel has no duty to raise an issue that has no merit. *State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003); *State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996).

 At the time that defendant's motion to suppress was filed, this court had not spoken to the specific issue of the validity of a search incident to a pretextual arrest under article I, section 8 of the Iowa Constitution. We still have not answered that question. However, in considering the issue generally and without regard to a specific constitutional basis, we stated as follows in *State v. Meyer*, 543 N.W.2d 876 (Iowa 1996):

> A search incident to lawful arrest is legal even if the arresting officer had an ulterior motive for the arrest or had no independent probable cause to conduct the search.

*Meyer*, 543 N.W.2d at 879. Because the federal and state search-and-seizure clauses are nearly identical, the construction of the federal constitution is persuasive in our interpretation of the state provision. *See State v. Olsen*, 293 N.W.2d 216, 219 (Iowa 1980) (citing *Bierkamp v. Rogers*, 293 N.W.2d 577, 579 (Iowa 1980)). Decisions of the United States Supreme Court interpreting the Fourth Amendment are not, however, binding on this court with respect to the Iowa Constitution. *Id.* Because we have found no basis to distinguish the protections afforded by the Iowa Constitution from those afforded by the federal constitution under the facts of this case, our discussion of the merits of the defendant's suppression motion applies equally to the state and federal grounds. *See State v. Lewis*, 675 N.W.2d 516, 522 (Iowa 2004).

We now hold that our pronouncement in *Meyer* was not only a correct application of federal law but also accurately described the validity of a pretextual arrest under article I, section 8 of the Iowa Constitution for purposes of sustaining a search incident to that arrest. If probable cause exists for an arrest to be made, the motive for making the arrest does not limit the right to conduct a search incident thereto.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**