# IN THE COURT OF APPEALS OF IOWA

No. 14-0628
Filed December 23, 2015

**PATRICK CONNER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Peter A. Keller,

Judge.


Patrick Conner appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**



Angela Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee State.



Considered by Potterfield, P.J., Doyle, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DOYLE, Judge.**

Patrick Conner appeals the district court's denial of his application for postconviction relief (PCR). Conner contends his arrest warrant was not supported by probable cause and defense counsel was ineffective in failing to pursue his motion to suppress evidence seized upon his arrest pursuant to the warrant. We affirm the district court's order denying Conner's application.

## I.  *Background Facts and Proceedings*

In 2006, Patrick Conner was on parole and under the supervision of the Iowa Department of Corrections. Iowa agreed to allow Conner to serve a sentence on a separate case in Illinois and released Conner to the Illinois Department of Corrections on detainer pursuant to his parole agreement and an Interstate Compact agreement.

Conner was released from the Illinois prison in February 2007. He did not report for parole supervision in Iowa after his release from the Illinois prison. In October 2007, Conner's parole officer filed a preliminary parole violation information, stating Conner "failed to report for parole supervision contrary to the instructions in his parole order and agreement," efforts to locate Conner had been "unsuccessful," and Conner's "whereabouts are unknown."

An Iowa magistrate found probable cause for the issuance of an arrest warrant. Conner was arrested pursuant to the warrant. Crack cocaine and marijuana were found in his possession.

The State filed a trial information charging Conner with possession of crack cocaine with intent to deliver, failure to possess a tax stamp, and

possession of marijuana as a habitual offender. Conner moved to suppress the evidence on the ground the arrest warrant was issued without probable cause.

The State responded that its pending plea offer would be withdrawn if the motion was heard. Conner elected to proceed with a suppression hearing. At the hearing, Conner changed his mind and withdrew his motion to suppress and entered a guilty plea to a single count of possession of crack cocaine with intent to deliver.

Conner filed a PCR application, again alleging the arrest warrant precipitating his charges lacked probable cause and all evidence seized by virtue of his arrest was inadmissible. Following a hearing, the district court granted the State's motion for summary disposition, concluding, "Because [Conner] knowingly and intelligently pled guilty, and none of the Constitutional challenges undermine the validity of that plea, the [State's] motion for summary judgment should be granted."

Conner appealed. On appeal, this court determined fact issues precluded summary disposition of Conner's PCR application, stating, "In several filings, Conner alleged he was coerced into taking the plea and he would have insisted on going to trial rather than pleading guilty but for counsel's advice to forego his motion to suppress. Without an evidentiary record, we cannot determine the viability of this claim." *Conner v. State*, No. 09-1094, 2010 WL 4483912, at *2 (Iowa Ct. App. Nov. 10, 2010). This court reversed the district court's summary disposition of Conner's application and "remand[ed] for an evidentiary hearing on Conner's claim that his attorney 'misadvised him regarding his suppression issue

and . . . plea counsel's advice rendered his withdrawal of his suppression motion and the entry of his guilty plea involuntary and unintelligent.'" *Id.* at *3.

Following the hearing on remand, the district court entered a ruling denying Conner's PCR application, concluding Conner had not proved defense counsel failed to act as a reasonably competent attorney. Conner appeals. Additional facts will be set forth below as relevant to the issues raised on appeal.

## II.    Standard of Review

We review postconviction proceedings for errors at law. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). However, we conduct a de novo review of applications for postconviction relief raising constitutional infirmities, including claims of ineffective assistance of counsel. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

## III.    Discussion

Conner contends the arrest warrant was not supported by probable cause,[1] defense counsel was ineffective in failing to pursue his motion to suppress, and had counsel provided effective assistance he would not have pled guilty.[2] To prevail on a claim of ineffective assistance of counsel, Conner must

---

[1] In a related contention, Conner argues his parole officer omitted information from the parole violation information such that a *Franks* hearing should have been held. *See Franks v. Delaware*, 438 U.S. 154, 164-66 (1978) (requiring a hearing where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in a search warrant affidavit, and if the allegedly false statement was necessary to the finding of probable cause). Under these facts, as will be discussed in more detail below, we do not conclude the parole violation information contained false statements with reckless disregard for the truth. Accordingly, defense counsel was not ineffective in failing to request a *Franks* hearing. *See State v. Griffin*, 691 N.W.2d 734, 737 (Iowa 2005) ("[C]ounsel has no duty to raise an issue that has no merit.").
[2] As additional support for his claim, Conner contends the Iowa Board of Parole did not follow its own administrative procedures when parole officer Lauterbach filed the

show that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To prove the prejudice prong of an ineffective-assistance-of-counsel claim in the context of a guilty plea, the applicant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 136 (Iowa 2006). Here, because we conclude Conner's claim fails on the breach-of-duty prong, we begin and end our analysis there.

In November 2006, Conner and his parole officer, Charles Lauterbach, signed a parole order and agreement and Interstate Compact agreement that contained seventeen standard conditions of parole and five special terms of parole. One standard condition, paragraph B, provided that Conner "shall reside at the place designated in the attached Parole Release Instructions and shall not

---

preliminary parole violation information, and therefore defense counsel was ineffective for failing to investigate this issue and pursue with Conner's motion to suppress. Specifically, Conner points to Iowa Administrative Code rule 205–11.9(2), which provides:

> *Interstate compact parole revocation hearings.* If an Iowa parolee was on parole outside the state of Iowa through the interstate compact on probation and parole and has been returned to Iowa following a finding of probable cause in the receiving state, a parole revocation hearing shall be conducted for the parolee at the Iowa institution at which the parolee is incarcerated. This hearing shall be conducted according to the same procedures as those specified for hearings conducted for Iowa parolees who are on parole in the state of Iowa.

Conner claims that under this rule, the Iowa Board of Parole must have received information from Illinois that he had violated his parole and then conducted a hearing before filing the parole violation information. (*See* Iowa Admin. Code r. 205-11.9(2).)

This provision is inapplicable to this situation. Here, Conner completed his prison term in Illinois and then failed to report to Iowa. Conner was not "*returned* to Iowa following a *finding of probable cause* in [Illinois]." *Id.* (emphasis added). Because the provision is inapplicable to these facts, defense counsel was not ineffective in failing to pursue the issue. *See Griffin*, 691 N.W.2d at 737.

change residence until I receive approval from my supervising officer." Paragraph G provided that Conner "shall maintain contact with my supervising officer as directed and shall not lie to, mislead, or misinform my supervising officer either by statement or omission of information." One special condition, paragraph 806, provided:

> I understand that I am being paroled to a detainer filed by the jurisdiction indicated below. I understand that I normally will be transported to that jurisdiction and be held in custody until disposition of the current criminal charges pending against me. If I am released from custody on the charges which are currently pending against me, and if I am found guilty of new felony charges my case must be reviewed by the [Iowa Board of Parole] (chair or chair's designee) in order to review the conditions of my parole I will immediately notify the Iowa Interstate Compact Office, 510 E. 12th Street, Des Moines, IA 50319 (515)725-6725. I understand that failure to contact this office within twenty-four (24) hours of my release will be a sufficient cause for revocation of my parole. ILLINOIS

The parole order and agreement directed that Conner would not be released on parole until he signed the agreement. It further provided that the agreement was "in effect until [Conner was] discharged from parole."

Conner was released from the Illinois prison in February 2007, but thereafter failed to report for parole supervision in Iowa. As of October 2007, Conner's parole officer was unaware of his location.

> A parole officer having probable cause to believe that any person released on parole has violated the parole plan or the conditions of parole may arrest such person, or the parole officer may make a complaint before a magistrate, charging such violation, and if it appears from such complaint, or from affidavits filed with it, that there is probable cause to believe that such person has violated the parole plan or the terms of parole, the magistrate shall issue a warrant for the arrest of such person.

Iowa Code § 908.1 (2007).

In October 2007, parole officer Lauterbach filed a preliminary parole violation information, stating, "The defendant is accused of the violation of conditions of parole established under Sections 906.1 and 906.5, Code of Iowa." The parole violation information further stated:

> Special Condition 806. On 12/13/2006 subject was paroled from Newton Correctional Facility to an Illinois Department of Corrections Detainer. On 2/16/2007 subject was released from the Illinois Department of Corrections upon expiration of his sentence in that State. Subject failed to report for parole supervision contrary to the instructions in his parole order and agreement. All efforts to locate subject have been unsuccessful and his whereabouts are unknown. Based on this information it is respectfully recommended that an arrest warrant be issued for subject and when apprehended subject be returned to Polk County, Iowa, to face parole revocation proceedings.

The magistrate found probable cause for the issuance of an arrest warrant, and Conner was subsequently arrested pursuant to the warrant.

At the evidentiary hearing on Conner's PCR application, defense counsel testified he understood Conner's "cornerstone argument" to be that paragraph 806 of the parole agreement Conner signed did not require him to notify the Iowa Board of Parole or his parole officer in Iowa of his release from the Illinois prison, and that he was only required to notify Iowa authorities "in the event he received new felony charges." Defense counsel testified it was "readily apparent" from Conner's parole agreement that Conner was to contact his Iowa parole officer within twenty-four hours of his release from the Illinois prison, and therefore "it appeared pretty clear . . . there was a sufficient basis for the issuing of the warrant." Based on these facts, defense counsel believed Conner's motion to suppress on that ground would fail. Conner testified he would not have pled

guilty had defense counsel looked into the arrest warrant and parole violation issues he raised in his motion to suppress.

A warrant is valid where the issuing judge had a substantial basis for concluding probable cause existed. *See State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997). "In determining whether a substantial basis existed for a finding of probable cause, we are limited to consideration of only that information, reduced to writing, which was actually presented to the [judge] at the time the application for warrant was made." *Id.* Great deference is given to the issuing judge's finding of probable cause and challenges to warrants are resolved in favor of upholding the warrant. *See id.*

Here, the information in the parole violation information provided the magistrate with a substantial basis for concluding probable cause existed that Conner was in violation of his parole agreement. Under these facts and circumstances, we conclude defense counsel reasonably believed Conner's motion to suppress evidence on the ground the arrest warrant was issued without probable cause would fail. In light of the lengthy imprisonment Conner faced if he was convicted at trial, counsel's advice to Conner to accept the State's plea offer was reasonable and competent. As defense counsel testified:

> I strongly recommended that he accept the plea offer, and the reason for that was two-fold. One, I did not think the plea offer was going to stick around for very much longer, and if he pursued the motion to suppress any further, that the plea offer would be rescinded, and he would be facing a significant amount of time in custody. And, two, I believed that if he pursued the motion to suppress, that we would not be successful.

In denying Conner's claim, the district court stated:

The Court's review of the arrest warrant supports Conner's claim that the magistrate did not have his parole agreement before her when she issued the warrant. Therefore, Conner's claim that [the magistrate] misinterpreted the parole agreement would not have had any bearing on the magistrate's probable cause determination because probable cause is based on the information, reduced to writing, which the court actually had before it. The parole officer provided information that the Illinois Department of Corrections had released Conner, and he failed to report for supervision. Section 908.1 only requires a "complaint" or "affidavits" from the parole officer charging a parole violation. The magistrate had the Preliminary Parole Violation Information before her, which the reviewing court likely would have found was a substantial basis to support probable cause. Counsel evaluated the facts of Conner's parole agreement and the arrest warrant and came to the reasonable conclusion that there was not a meritorious motion to suppress the arrest warrant that he should pursue.

Counsel also testified that if Conner had followed through with the motion to suppress, the State would have rescinded its plea offer, and he would have been facing a much longer imprisonment if convicted at trial. Additionally, the assistant county attorney at his plea hearing stated that he had discussed with Conner's counsel that [the State] would not pursue an uncharged count in exchange for Conner's plea of guilty. Considering that Conner would have faced up to thirty years in prison if a jury convicted him at trial, and possibly additional charges if he did not take the plea agreement, his counsel reasonably advised him to take the plea deal. Therefore, the Court finds that Conner has not proven that his counsel failed to act as a reasonably competent attorney.

(Citations omitted.)

"Representation is presumed competent and a defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). "[C]ounsel has no duty to raise an issue that has no merit." *Griffin*, 691 N.W.2d at 737. Under these facts and circumstances, we conclude Conner has failed to prove counsel failed to perform an essential duty. Accordingly, his claim of ineffective assistance fails. *See*

*Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (noting a claim of ineffective assistance of counsel fails if either element is lacking).

We affirm the district court's denial of Conner's PCR application.

**AFFIRMED.**