# IN THE COURT OF APPEALS OF IOWA

No. 13-2021
Filed March 23, 2016

**EARL JAMARE GRIFFIN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

Earl Griffin appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**

Ronald W. Kepford of Kepford Law Firm, Winterset, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Earl Griffin appeals the district court's denial, in part,[1] of his application for postconviction relief (PCR) following his 2009 convictions for robbery in the first degree and theft in the second degree, in violation of Iowa Code sections 711.1, 711.2, 714.1, and 714.2(2) (2007). Upon our review, we affirm the court's order denying Griffin's PCR application.

## I.    *Background Facts and Proceedings*

In its ruling affirming Griffin's convictions on direct appeal, our court set forth the following facts surrounding the incident leading to Griffin's arrest:

> On August 17, 2008, a Kentucky Fried Chicken store was robbed after it closed for the night. As employee Jodi Carter was walking to her car, she was accosted by a man with a gun. He forced her to unlock the restaurant door. After they entered the building, the gunman forced the assistant manager, Clinton Hiatt, to open the safe. When Hiatt was unsuccessful in opening a second safe, the gunman said, "I know that it opens up, you know, I used to work here." Carter and Hiatt were then taken downstairs and forced to lie on the floor of the cooler. Carter heard the gunman say, "Do not leave this cooler or I will shoot you and kill you." When Hiatt and Carter left the cooler later, they noticed Carter's car was gone. They called the police and the restaurant manager.
> Police issued photographs taken from the restaurant's surveillance video to the local media. On August 19, police were told by Michael Underwood that he recognized his nephew, defendant Earl Griffin, in the photographs from the video. Carter picked Griffin's photo out of a police photo array. Hiatt was unable to identify the robber from any photos.

*State v. Griffin*, No. 09-1366, 2011 WL 1136277, at *1 (Iowa Ct. App. Mar. 30, 2011).

Following this incident, the State filed a trial information charging Griffin with first-degree robbery and second-degree theft. The State subsequently filed

---

[1] The postconviction court granted Griffin's postconviction application in part and vacated Griffin's second-degree kidnapping conviction.

an amended trial information adding the charge of second-degree kidnapping. Following a jury trial, Griffin was convicted on all three counts.

Griffin filed a PCR application. Among other claims, Griffin contended his trial counsel failed to object to the State's untimely filing of the amended trial information, which added the charge of second-degree kidnapping. The amended trial information was filed more than forty-five days after Griffin's arrest on the original complaint of kidnapping, and the State failed to show good cause for going beyond the forty-five-day speedy-indictment deadline. *See* Iowa R. Crim. P. 2.33(2)(b). The State conceded the amended trial information violated Griffin's right to a speedy indictment. Following a hearing, the PCR court concluded Griffin's trial counsel "breached an essential duty to Griffin by not objecting to the late amendment, which was clearly prejudicial in light of his eventual conviction on the kidnapping charge." The PCR court therefore vacated Griffin's kidnapping conviction and "resubmitted [the case] to the trial court for resentencing consistent with this ruling."

The PCR court denied relief on Griffin's other claims. Griffin appeals.

## II. *Scope and Standard of Review*

We review the district court's ruling on an application for postconviction relief for correction of errors. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). However, we conduct a de novo review of applications for postconviction relief raising constitutional infirmities, including claims of ineffective assistance of counsel. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

### *III.    Consecutive Sentences*

Griffin contends the PCR court "erred by failing to remand the conviction to the trial court for resentencing [of] the consecutive sentences imposed" after the PCR court vacated the kidnapping conviction.  The State claims that Griffin failed to preserve error on this claim.  Indeed, this issue was not raised before the PCR court, and the court did not address it.  "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

In any event, the PCR court *did* remand to the district court for resentencing after it vacated Griffin's kidnapping conviction, and presumably, the court could have ordered concurrent sentences on remand.  Nonetheless, the court had reason to decline to do so where this court, on direct appeal, had addressed Griffin's challenge to consecutive sentences and affirmed the sentencing court's order of consecutive sentences:

> In the case before us, the district court considered the nature and circumstances of the crime.  Griffin brandished a gun, threatened Carter and Hiatt with death if they left the cooler, and turned against a former employer and a former coworker who had tried to befriend and help him.  This was more than merely taking personal property while holding a gun.  The court also considered Griffin's age and criminal history.  Although he was only twenty-two, Griffin had both a juvenile and adult criminal history.  His repeated offenses showed he had not taken advantage of the opportunities he had to obey the law and had not been rehabilitated by any prior sentences.  His repeated offenses also demonstrate a greater need to protect society from further offenses.  The individual sentences imposed are all within the statutory limits set by the legislature.  The district court considered the relevant factors, did not consider improper factors, and tailored the sentences to Griffin's need for rehabilitation and the need of the community for protection from Griffin.  The court provided us with an adequate record for its

sentencing decisions. We find no abuse of discretion in the district court's imposition of consecutive sentences.

*Griffin*, 2011 WL 1136277, at *6. We conclude this claim,[2] even assuming it was preserved for our review, is not persuasive.

In reaching this conclusion, we observe Griffin's claim appears to include a claim of ineffective assistance of counsel. Specifically, Griffin alleges he was prejudiced because counsel failed to explain the consequences of *not* entering a guilty plea and proceeding to trial. According to Griffin, had he pled guilty, the court would have dismissed the kidnapping charge and "it is unlikely" the court would have entered consecutive sentences on all three charges if the kidnapping charge had been excluded from the trial information.

To prevail on a claim of ineffective assistance of counsel, Griffin would have to show that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Even assuming Griffin had alleged counsel breached a duty, which he did not, counsel would have no duty to raise an issue already disposed of by this court on direct appeal. *State v. Griffin*, 691 N.W.2d 734, 737 (Iowa 2005) ("[C]ounsel has

---

[2] Griffin also states, "These failures and omissions violate [his] equal protection rights under the 14th Amendment to the United States Constitution and article I, section 6 of the Iowa Constitution, as well as the separation of powers under article III, section 1 of the Iowa Constitution." This contention lacks any factual argument or additional citation to authority. Specifically, Griffin does not allege who he is similarly situated to such that he was unequally treated or which branch of government intruded upon the powers of another. *See, e.g.*, *Varnum v. Brien*, 763 N.W.2d 862, 882 (Iowa 2009) ("[I]f plaintiffs cannot show as a preliminary matter that they are similarly situated, courts do not further consider whether their different treatment under a statute is permitted under the equal protection clause."); *Klouda v. Sixth Judicial Dist. Dep't of Corr. Servs.*, 642 N.W.2d 255, 260 (Iowa 2002) ("The separation-of-powers doctrine is violated if one branch of government purports to use powers that are clearly forbidden, or attempts to use powers granted by the constitution to another branch." (citation omitted)). We deem Griffin's claim waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

no duty to raise an issue that has no merit."); *see also Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (noting a claim of ineffective assistance of counsel fails if either element is lacking).

Moreover, there is no reasonable probability the district court would have ordered Griffin's sentences to run concurrently if the kidnapping charge was dismissed pursuant to a plea agreement[3]; the nature and circumstances of the crime were the same, as were Griffin's age, criminal history, need for rehabilitation, and the need to protect society from future offenses. *See State v. Braggs*, 784 N.W.2d 31, 34 (Iowa 2010) (setting forth the standard to establish prejudice—a reasonable probability that but for his counsel's alleged deficiencies, the result of the proceedings would have been different). As noted by this court, the district court had "considered the relevant factors, did not consider improper factors, and tailored the sentences to Griffin's need for rehabilitation and the need of the community for protection from Griffin." *Griffin*, 2011 WL 1136277, at *6; *see also* Iowa R. Crim. P. 2.23(d). We affirm on this issue.

## IV. *Evidence of Mug Shots*

Griffin contends his trial counsel was ineffective in failing to "object to the improper introduction of mug shots."[4] The PCR court denied this claim, concluding it was "dealt with by the court of appeals on direct appeal." Griffin acknowledges this general issue was raised on direct appeal and rejected when this court concluded the district court "did not abuse its discretion in admitting the

---

[3] Further, there is no reasonable probability Griffin would have taken a plea offer; Griffin has not alleged such an offer existed.

[4] Griffin raises this issue in a pro se brief.

photos." *Griffin*, 2011 WL 1136277, at *3. However, Griffin persists his instant claim is different because it focuses on trial counsel's failure to object to introduction of the mug shots "through suggestive testimony." Upon our review, we conclude Griffin's claim fails under both prongs of the ineffective-assistance-of-counsel analysis.

Prior to trial, trial counsel filed a motion in limine challenging the State's introduction of the photographs at issue. The State responded by claiming the photos were admissible because Griffin's identification was an issue, and stating that the testimony on the photos would focus on the changes in Griffin's appearance among them. Trial counsel presented oral argument on the issue at the hearing on the motion in limine. The district court reserved ruling on the photo issue until the court saw the photos were edited to remove the background and neutralize the clothing color so it did not appear to be inmate clothing; at trial, the court allowed the photographs in exhibits 20 through 24 to be introduced. The court, however, sustained trial counsel's objection to the admission of exhibit 17—a photo-array of booking shots of six men from which witnesses identified Griffin.

At the PCR hearing, trial counsel acknowledged, "One of the issues in this case was Mr. Griffin's changing appearance." With regard to the strategy he implemented for Griffin's defense on this issue, trial counsel explained:

> One of the issues I was trying to avoid or we were trying to avoid was calling too much attention to the solidness of the identification of these other witnesses. Again, it was a circumstantial case in the context that these witnesses could not identify Mr. Griffin initially, that their identification of Mr. Griffin was slow, that there was another alleged defendant that was potentially identified or could have been identified by these witnesses. And

part of the argument being that we were hesitant to call too much attention to these witnesses' credibility and have the State use that as an effort to establish that they had absolutely no doubt who Mr. Griffin was.. . . And there was concern, at least from my part as trial counsel, that if we beat that drum too hard, we would only reinforce the State's case as opposed to leave that door open for doubt.

. . . .

Again, we used our—at least our first motion in limine seeking to strike the use of the mugshots. We were successful in some limited fashion. I believe the Court generally ruled those mugshots had to be at least modified within the context that Mr. Griffin would not have an orange jumpsuit or striped jumpsuit. That clearly indicated it was a mugshot, as well as the background of mugshots would be deleted or altered for the purpose of not showing these were "mugshots."

"Representation is presumed competent and a defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Here, trial counsel was diligent in pursuing and arguing the photograph issue, and indeed, counsel was successful in that the photographs were modified so as not to clearly show Griffin in jail clothing and the photo-array booking shot was excluded. Under these facts and circumstances, we conclude Griffin has failed to prove counsel failed to perform an essential duty.

Moreover, Griffin has not shown a reasonable probability that but for counsel's alleged deficiencies, the result of the proceedings would have been different. *See Braggs*, 784 N.W.2d at 34. As this court stated:

[T]he photos had been modified to remove any indication Griffin was wearing jail clothing. No mention was made of the source or context of the photos. The testimony was just that the photos showed how Griffin had changed his appearance during the preceding year. *See State v. Casady*, 597 N.W.2d 801, 807–08 (Iowa 1999) (allowing mug shot to show defendant's appearance at the time of arrest); *see also State v. Redding*, 169 N.W.2d 788, 791–94 (Iowa 1969) (allowing mug shot from prior arrest to

corroborate a witness's identification of defendant and holding the photo did not tend to place defendant's character in issue).

*Griffin*, 2011 WL 1136277, at *3.

We affirm the district court's denial of Griffin's application for postconviction relief.

**AFFIRMED.**